[No. 11294.    In Bank. — March 16, 1887.]

In the Matter of the Estate of JOSEPH KILE, Deceased. ELLEN KILE, Appellant, *v.* R. E. WILHOIT et al., Respondents.

Estate of Decedent — Probate of Will — Contest — Objections Limited to Written Grounds of Opposition. — On a contest to the probate of a will, the right of the contestant to object to the probate is limited to such matters as are presented in the written grounds of opposition.

Appeal from an order of the Superior Court of San Joaquin County admitting a will to probate.

On the trial of the contest in question, the appellant verbally objected to the probate of the will on the ground that the evidence failed to show its due execution and attestation. The court in the certificate of the proof of the will found that it had been duly executed and attested, and that the testator, at the time of execution, was of sound and disposing mind, and not acting under duress, menace, fraud, or undue influence, and was not in any respect incompetent to devise and bequeath his estate. The further facts are stated in the opinion of the court.

*Carter, Smith & Kiniston,* and *D. S. Terry,* for Appellant.

The admission of the will to probate without proof of its due execution and attestation was error. (Civ. Code, sec. 1276, sub. 4; Code Civ. Proc., secs. 1308, 1317; Es-

*tate of Cartery,* 56 Cal. 470; *Delafield* v. *Parish,* 25 N. Y. 34; *Brazley* v. *Denson,* 40 Tex. 416.)

*Aug. Muenter, W. L. Dudley,* and *W. S. Buckley,* for Respondents.

The appellant, having opposed the probate upon the sole ground of incompetency of the testator to make a will, cannot question the findings or certificate of the court as to the due execution and attestation of the will, as no issue of that kind was raised by the opposition. (Code Civ. Proc., secs. 1312, 1314; *Estate of Cartery,* 56 Cal. 470; *Estate of Gharky,* 57 Cal. 279.)

MCFARLAND, J. — This is an appeal from an order of the Superior Court admitting a will to probate. Counsel for appellant elaborately argues questions relating to the due execution and attestation of the will, but the only written ground of opposition to the probate thereof taken by appellant — as provided by section 1312 of the Code of Civil Procedure — was the incompetency of the decedent to make a will. She divides her alleged grounds into three distinct paragraphs, but they all three together mean only this: that at the time the will was made the deceased was not of sound and disposing mind and memory. The issue thus raised was presented to a jury in the form of the following question: "Was the testator, Joseph Kile, on the fourth day of April, 1883, and at the time of the execution of the will in contest, of sound and disposing mind?" And the jury, after hearing a great deal of evidence, returned an affirmative answer to the question. There was a substantial and very marked conflict in the evidence as to the point of decedent's mental condition at the time the will was made; and we would not be at all warranted in holding that it did not support the verdict. This view disposes of the case; for appellant can be heard only as to those

matters which she presents in her written grounds of opposition.

Judgment and orders affirmed.

SHARPSTEIN, J., McKINSTRY, J., and PATERSON, J., concurred.

THORNTON, J., concurring.—I concur in the judgment.

The evidence as to the sound and disposing mind and memory of the testator is conflicting, and the order should not be reversed on that ground.

Conceding, but not deciding, that the testimony on the other points argued is properly before us, I am of opinion that, as to those points, the statute as regards execution of the will has been complied with.

TEMPLE, J., dissented.