[Nos. 9560; 9735. In Bank. — October 9, 1885.]

# IN THE MATTER OF THE ESTATE OF NICHOLAS SKERRETT, Deceased.

WILL—DEED OF GIFT.—An instrument purporting to be a deed of gift, but inoperative for want of delivery, cannot, in the absence of proper evidence that a testamentary disposition was intended, be admitted to probate as a will.

ID. — CERTAIN INSTRUMENTS CONSTRUED AS A WILL. — Two instruments in the hand-writing of the deceased, attached together, and found among his papers, one being in the form of a letter signed by him and addressed to his sister, and the other purporting to be a copy of a deed of gift from the former to the latter, and it appearing on the face of the letter that the property described in the deed was intended by the deceased as a provision for the sister after his death, *held*, to be a will, and admissible to probate.

APPEALS from certain orders of the Superior Court of the city and county of San Francisco.

The testator died August 13th, 1883. The remaining facts are stated in the opinion of the court.

*A. H. Loughborough*, for Anna J. Skerrett, Proponent.

*Joseph Hutchinson, Winans & Belknap, Lloyd & Wood, P. G. Murphy*, and *M. C. Hassett*, for Contestants.

The letter was not a will. (1 Jarman on Wills, Am. notes, 26; *Succession of Hampton Elliott*, 27 La. An. 44; *McBride* v. *McBride*, 26 Gratt. 481; *Crutcher* v. *Crutcher*, 11 Humph. 386; *McGee* v. *McCants*, 1 McCord, 577.) The deed was not testamentary in its character, and was not executed as a will. (*Wall's Administrator* v. *Ward*, 2 Swan, 648; *Swails* v. *Bushart*, 2 Head, 561; *Matter of Diez*, 50 N. Y. 93; *Wall* v. *Wall*, 30 Mo. 94; 64 Am. Dec. 197; *Bass* v. *Bass*, 52 Ga. 531; *Edwards* v. *Smith*, 35 Miss. 198; *Golding* v. *Golding's Administrator*, 24 Ala. 122.)

MYRICK, J.—These appeals will be considered together. No. 9560 is an appeal from an order refusing to admit an instrument to probate as the will of the deceased; and No. 9735 is an appeal from an order admitting an instrument to probate.

The following appears in the bill of exceptions in appeal No. 9560:—

"Be it remembered that on the 13th day of September, 1883,

there was filed with the clerk of said Superior Court a certain instrument in writing, which was in words and figures following, to wit:—

"This indenture made this twenty-sixth day of April, one thousand eight hundred and eighty-one, between Nicholas Skerrett, of the city and county of San Francisco, State of California, party of the first part, and Anna J. Skerrett, his sister, of London, England, party of the second part:—

"*Witnesseth:* That the said party of the first part, in consideration of the love and affection which the said party of the first part has and bears unto the said party of the second part, does by these presents give, grant, and confirm unto the said party of the second part, and to her heirs and assigns forever, that certain lot [here follows description of real estate], together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in any wise appertaining, and the reversions, remainder, and remainders, rents, issues, and profits thereof, to have and to hold all and singular the said premises, together with the appurtenances, unto the said party of the second part, and to her heirs and assigns forever.

"In witness whereof the said party of the first part has hereunto set his hand and seal the day and year first above written.

"My Dear Anna:—I have for a long time been thinking of executing this document. We all know life is uncertain, and we don't know the moment we may be called away. Both you and myself may live for many years to come, yet we know not the time. I therefore want you to know you are provided for under any circumstances. Now, I want to explain the particulars: This deed which I send you a copy of is all regularly made out and witnessed before a notary public. Nothing else necessary but to have it recorded; then it becomes your property, which can be done any moment, if necessary. My intention, however, is to provide for you while I live, the same as I always have done; and hereafter, if it should please God to call me away, you will have your own property to depend on, sufficient to make you independent while you live. I must now conclude, having no more to say, and are joined by Mr. Dixon in wishing you health and happiness. Your affectionate bro.,

N. Skerrett."

A witness testified as follows:—

"After Mr. Skerrett's death, myself and Capt. Lees examined his box, in which his deed and other valuable papers were consigned, to discover whether there was any other will than the one produced here. I did not see anything that had reference to that except that, and I found no paper purporting to be a will. I found in the drawer of his desk an envelope addressed to his sister Anna, containing a letter and copy of deed to her. I found in the tin box before mentioned, in the lower part of the same desk, a deed from him to her acknowledged before a notary. This deed was in an envelope, indorsed in the handwriting of Nicholas Skerrett, 'Deed of Gift, Nicholas Skerrett to Anna Skerrett.' Neither of these envelopes was sealed. [The witness is here shown the said instrument which was filed herein for probate, as aforesaid.] This is the paper which I found in the drawer of Mr. Skerrett's desk, inclosed in an envelope, addressed to his sister Anna. I have often seen him write and I know his handwriting. The whole of this instrument is in the handwriting of Nicholas Skerrett, and it is his signature subscribed at the end. The address on the envelope was also written by him."

It was also in evidence that the sister referred to, Anna J., was in indigent circumstances, and that the deceased had made remittances to her for her support. The deed of gift which was referred to was executed (except as to delivery) and was acknowledged; it was not delivered, but was found in a box of the deceased. A witness testified that he suggested to the deceased that he should send the deed to the sister, to which deceased replied: "Well, you know she will have it, and you know she will have abundance."

The court found that the instrument (copy of deed and letter) was entirely written and signed by the hand of the deceased; that it was not dated, and was not a will; therefore, the court refused its probate.

In the case presented in the appeal, No. 9735, the deed itself, acknowledged as a deed and witnessed (not the copy and letter), was offered for probate. The court found its execution by the deceased, in the presence of the two witnesses; that he declared the same to them to be his will; that they signed the same in

his presence and at his request; and admitted the same to probate.

We are of opinion that the order in each case was erroneous. The deed (proposed in No. 9735) was a deed of gift, and contained no words of testamentary character. It was invalid as a deed, because not delivered; it was not a will, because it expressed no design to be other than a deed. The evidence was insufficient to show its execution as a will; it was not olographic, and the evidence was insufficient to show that the deceased declared to the witnesses that the paper was his will. The instrument proposed in No. 9560, taken as an entirety, should have been admitted. It was written entirely by the hand of the deceased, it was signed by him, and a date appears at the commencement. Neither the copy of the deed nor the letter, taken by itself, constitute a will; the one is not testamentary in its character, the other has no date; but taking them together as the deceased left them, forming one document, it is complete. The first part furnishes the date, and the latter the testamentary character. We think the following words clearly show an *animus testandi*, viz.: "We all know life is uncertain, and we don't know the moment we may be called away. . . . . I therefore want you to know you are provided for under any circumstances. . . . . My intention is to provide for you while I live, the same as I have always done; and hereafter, if it should please God to call me away, you will have your own property to depend on, sufficient to make you independent while you live."

Doubtless the deceased had it in his mind, when he executed the deed, to send it to his sister at some time, thus vesting the title in her in his lifetime; but for some reason he retained it, perhaps so that he could sell the property if he should desire, but that he intended she should have the property upon his death, if not sold by him, is to us very clear. Such being the case, and the instrument being executed with the formalities required by law, it is entitled to be admitted to probate.

The orders and motions in both appeals are reversed and the matters are remanded with directions to the court below to refuse probate of the deed by itself, and to admit to probate the copy of deed and letter, being the instrument referred to as proposed in appeal No. 9560.

MORRISON, C. J., McKEE, J., THORNTON, J., and McKIN-STRY, J., concurred.

Rehearing denied.