## ESTATE OF JOHN SULLIVAN, DECEASED.

APPEAL BY JAMES SULLIVAN FROM THE ORPHANS' COURT OF ALLEGHENY COUNTY.

Argued October 29, 1889—Decided November 11, 1889.

A testamentary paper of this form: " March th 4 Will my Properti to my wief my death John Sullivan," written upon a leaf of a memorandum book, being proven by two witnesses, in the absence of evidence disproving it and showing testamentary incapacity, it was not error to dismiss an appeal from the decree of the register admitting said writing to probate as a will.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 11 October Term 1889, Sup. Ct.; court below, No. 328 June Term 1888, O. C.

On August 29, 1888, upon the petition of James Sullivan, father, and answer of Ann Sullivan, widow of John Sullivan, deceased, the Orphans' Court allowed an appeal from the decree of the register of wills, entered on July 16, 1888, admitting to probate a testamentary paper as the last will and testament of said John Sullivan, deceased, and granting letters testamentary thereon.

The grounds alleged for the appeal were: "1. That the alleged will was not made by the said deceased. 2. That the alleged will was not the will of the decedent, for at the time when it was alleged that the said will was made, he was not competent to make a will, and the said will was not made at the time and place it has been alleged it was made."

At the hearing before the court, it was shown that John Sullivan died April 22, 1888. The testamentary writing produced was contained on a leaf of the time-book of the deceased, and was in the following language:

"March th 4 Will my Properti to my wief my Death John Sullivan."

Ann Sullivan the widow of the deceased, testified that she saw her husband write the will: "I saw him write it all. He said nothing, until I asked him what he was writing for; when he said perhaps it would benefit me when he was dead and gone." The witness on cross-examination, said that her husband was not intoxicated when the paper was written. She was corroborated by her sister, Mary Burns, who was also present when the paper was written, and who testified that it was written on the morning of March 4, 1888, when Sullivan was sitting on the lounge.

Witnesses were called by the contestant who testified that Sullivan was in the habit of taking occasional sprees of drinking. One of them testified that he was under the influence of liquor on the evening of March 3d; another, that he was under the like influence on the morning of March 4th. Experts testified as to the handwriting. In rebuttal, witnesses called for the plaintiff testified that at no time was the deceased so much under the influence of liquor that he did not know what he was about.

The court, HAWKINS, P. J., having heard all the testimony, on October 6, 1888, without opinion filed, entered a decree dismissing the appeal from the register's decree at the cost of the appellant. Thereupon the contestant took this appeal, assigning the said decree as error.

*Mr. I. N. Patterson* (with him *Mr. T. S. Parker*), for the appellant.

*Mr. T. C. Lazear* and *Mr. C. P. Orr*, for the appellee, were not heard.

PER CURIAM:

This case does not require discussion.

> The decree is affirmed and the appeal dismissed . at the costs of the appellant.