BARNEY, RESPONDENT, v. HAYES ET AL., APPELLANTS.

[Argued June 27, 1891. Decided August 3, 1891.]

WILLS— *Codicil—Probate law.*— An unreversed decree denying a petition for the probate of a will is not a bar to a subsequent petition for the probate of the same will with a codicil referring thereto and modifying the same, as such codicil operates as a republication of the will.

PROBATE PRACTICE— *Contest on probate of will.* — Where an answer is made to objections interposed to the probate of a will raising issues of fact, it is error for the trial court to entertain a demurrer to such answer and enter judgment thereon, as the court is required by the provisions of sections 20, 21, and 22 of the Probate Practice Act to try and determine the issues joined, conducting the trial in accordance with the provisions of the Civil Practice Act, and to render judgment either admitting the will to probate or rejecting it.

*Appeal from Seventh Judicial District, Yellowstone County.*

Probate proceeding. Defendants' petition for the probate of a will was denied by MILBURN, J. Order reversed.

*O. F. Goddard,* and *Cullen, Sanders & Shelton,* for Appellants.

I. Compiled Statutes of Montana, page 280, section 20, provides the method of procedure which must be followed in contests of this character: "If any one appears to contest the will he must file written grounds of opposition to the probate thereof, and serve a copy on the petitioner, and other residents of the county interested in the estate, any one of whom may demur thereto. . . . . If the demurrer is sustained, the court must allow contestant a reasonable time within which to amend his written opposition. If the demurrer is overruled, the petitioner and others interested may jointly or separately answer the contestant's grounds, traversing or otherwise obviating the objections. Any issue of fact which is raised must, . . . . on the request of either party in writing, . . . . be tried by a jury. If no jury is demanded, the court must try and determine the issues joined." The proceeding is exclusively statutory, and the provisions of the statute must be followed. It was, therefore, incompetent for the court to determine this controversy under the pleadings on a demurrer to appellants' answer, and the facts put in issue by the pleadings should have been determined by the court at a trial thereof, either with or without the intervention of a jury.

II. The next question, and the real question in the case, is whether the letter of August 18, 1890, written by Barney to Hon. E. N. HARWOOD, can be construed to be a codicil to, and a republication of, the last will of said Barney. It appears that this letter is wholly in the handwriting of Barney, signed and dated by him. It is, therefore, what is termed olographic. The statutes (p. 381, § 439) reads as follows: "An olographic will is one that is entirely written, dated, and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this Territory, and need not be witnessed." This document, therefore, having been written, dated, and signed by the testator, complies with the statutory requirements, and is an olographic codicil to the will.

Compiled Statutes, page 382, section 448, provides: "The execution of a codicil referring to a previous will has the effect to republish the will, as modified by the codicil." Republication of a revoked will is equivalent to the making of a new will. (Wœrner's Am. Law of Administration, § 56; *Barker* v. *Bell*, 46 Ala. 216, 222.) A codicil amounts to a republication of the will. (Comp. Stats. p. 382, § 448; *In re Soher's Estate*, 78 Cal. 477; *Murray* v. *Oliver*, 6 Ired. Eq. 55; *Miles* v. *Bouden*, 3 Pick. 213, 216; Williams on Executors, p. 175, et seq.) Therefore, it being conceded that the first will was revoked by marriage, the will and codicil were a new will, and the presentation of the will and codicil for probate is the presentation of an entirely different instrument from the original will. A court of probate has full authority, after it has admitted one will to probate, to probate a subsequent will at any time, without any steps having been taken to revoke the probate of the prior will. (*Waters* v. *Stickney*, 12 Allen, 1; 90 Am. Dec. 122; *Gaines* v. *Hennen*, 24 How. 553, 567; *Bowen* v. *Johnson*, 5 R. I. 112; 73 Am. Dec. 49; *Vance* v. *Upson*, 64 Tex. 266; *Schultz* v. *Schultz*, 10 Gratt. 358; 60 Am. Dec. 335.) The following cases furnish instances of documents that have been determined to be valid olographic wills: *Clarke* v. *Ransom*, 50 Cal. 595; *Ehrenburg's Succession*, 21 La. An. 280; 99 Am. Dec. 729; *Outlaw* v. *Hurdle*, 1 N. C. 151; *Jones* v. *Nicolay*, 2 Rob. Ecc. 288; *King's Proctor* v. *Daines*, 3 Hagg. Ecc. 218; Beach on Wills, §§ 16, 17, and cases cited; 1 Wil-

liams on Executors, p. 85, et seq.; *Robnett* v. *Ashlock*, 49 Mo. 172; *In re Shillaber*, 74 Cal. 144; *Reagan* v. *Stanley*, 3 Am. Prob. Rep. 251; *Toebbe* v. *Williams*, 3 Am. Prob. Rep. 333; 5 Am. Prob. Rep. 478.)

A paper found with an olographic will, executed with all the formalities requisite for a will and testament, must be admitted to probate as a codicil to the first will. (*Perkins* v. *Jones*, 84 Va. 358; 10 Am. St. Rep. 863. See, also, *Byers* v. *Hoppe*, 61 Md. 206; 48 Am. Rep. 89; 4 Am. Prob. Rep. 218; *Cowley* v. *Knapp*, 42 N. J. L. 297.) These cases, as it seems to us, establish this instrument to be a codicil, and the execution of the codicil having republished the will as of date of the codicil, makes the will effectual for all purposes, in the same manner as if the revocation by marriage had never taken place. (Williams on Executors, p. 179; Beach on Wills, § 79; Schouler on Wills, §§ 436, 450; *Brown* v. *Clark*, 77 N. Y. 369; *Van Cotlandt* v. *Kip*, 1 Hill, 591; 1 Jarman on Wills, 160, 361; *Holden* v. *Blaney*, 119 Mass. 421; *Quincy* v. *Rogers*, 9 Cush. 291.) For additional instance of instruments that have been admitted to probate, see *Habberfield* v. *Browning*, 4 Ves. 200, n.; *Hunt* v. *Hunt*, 4 N. H. 434; 17 Am. Dec. 438; *Morrell* v. *Dickey*, 1 Johns. Ch. 153; *Estate of Sherratt*, 67 Cal. 587; *Estate of Knox*, 131 Pa. St. 220; 17 Am. St. Rep. 798; *Cover* v. *Stem*, 67 Md. 449; 1 Am. St. Rep. 406.

Compiled Statutes, page 648, section 202, tenth subdivision, reads as follows: "The word 'will' shall be construed to mean a codicil as well as a will." A will and codicil, revoked by the marriage of the testator, were held to be republished by a codicil made after the marriage, and duly attested, though it did not expressly confirm any particular will, but referred merely to the last will of me, and "my said last will." (Williams on Executors, p. 178; note referring to the case of *Neate* v. *Pickard*, Prerog. T. T. 1843.) If not annexed to the will, the codicil, where no express date is mentioned, refers to the will last in date. (See Wœrner's Am. Law of Administration, § 47; *Crosbie* v. *McDoual*, 4 Ves. 610, 615. See, also, Williams on Executors, p. 176, n. *a*.)

*Savage & Day*, for Respondent.

I.   A decree admitting or refusing to admit to probate a will is conclusive as to validity of the will against collateral attack. (*Castro* v. *Richardson*, 18 Cal. 478; *State* v. *McGlynn*, 20 Cal. 234; 81 Am. Dec. 118; *Will of Warfield*, 22 Cal. 51; 83 Am. Dec. 49.) Subsequent proceedings to have will probated anew is a collateral attack upon former probate, and can only question jurisdiction and not regularity. (*Will of Warfield*, 22 Cal. 51; 83 Am. Dec. 49.) Judgment of a Probate Court rejecting a will stands upon the footing of a judgment *in rem.* Rejection of a paper propounded as a will by a court of competent jurisdiction precludes resort to the same or similar court to set up the same paper, while that judgment remains in force and unreversed. (*Schultz* v. *Schultz*, 10 Gratt. 358; 60 Am. Dec. 335, 340, 341, 342, 350, and note.) Executor cannot re-propound a will, pronounced against when first offered, except upon the ground of newly discovered evidence. (*Redmond* v. *Collins*, 4 Dev. 430; 27 Am. Dec. 208.)

II.   A will or codicil must be a definite, specific disposition of property to take effect at the death of the testator. *Estate of Wood*, 36 Cal. 75, is the strongest case cited by appellants. The bequest was specific and definite, as it was, in fact, in every case cited by appellants. The definiteness of the language used is what gives character to the paper writing. It has been held, that where a testator declared his intention to revoke his will, this was not a revocation, for the reason that it was to be done in the future. (1 Jarman on Wills, p. 337, and cases cited in note 55.) If a letter expressing an intention to revoke a will is not sufficient to accomplish that purpose, for a stronger reason, a letter to an attorney that he wished to change his will, and a request that the attorney inform him what the law is, and to make the change in the will so that the wife would have her rights under the law, and have witnesses to the change, would not be sufficient to create a new will or to republish one revoked. None of the conditions of the letter were complied with. A letter from a testator to his attorney, directing the attorney to destroy the testator's will, does not, *ipso facto*, work a revocation. (*Tynan* v. *Paschal*, 27 Tex. 286; 84 Am. Dec. 619.) There should be a present making or revoking of a will, not an intention to do so in the future. (1 Jarman on Wills, pp. 26, 27, 337.)

III. The paper writing propounded as a codicil does not refer to any particular will which it is proposed to revive or republish. The testator may have written other wills. (1 Jarman on Wills, pp. 228, n. 24, 229, 230.) The propounded paper writing is on two separate sheets of paper, one of which is signed, the other not. Any other paper could be attached to the one signed. (1 Jarman on Wills, pp. 228, 229, 230.) The cases cited which go to the extent of holding that instructions for a will may be admitted as a will are based on the proposition that the deceased died before the instructions could be reduced to writing. The rule only applies when the formal execution is prevented by the act of God. (*Boofter* v. *Rogers*, 9 Gill, 44; 52 Am. Dec. 680; *Mason* v. *Dunman*, 1 Munf. 456; *Phœbe* v. *Boggess*, 1 Gratt. 129; 42 Am. Dec. 543.) Long continued infirmity will not suffice as an excuse for failure to reduce the instructions to writing. (*Stricker* v. *Groves*, 5 Whart. 386; 1 Jarman on Wills, 240; *Guthrie* v. *Owen*, 2 Humph, 202; 36 Am. Dec. 311, and note, p. 316.) Contestees do not allege that the failure of Mr. Harwood to reduce the will to writing was caused by the death of Mr. Barney before such reduction could be had. Nor is there any allegation of an attempt to reduce them.

BLAKE, C. J.—The appellants filed, January 10, 1891, in the District Court of Yellowstone County, their petition for the probate of the last will and testament of Charles E. Barney, deceased, and alleged that said Barney died October 3, 1890, in the State of Vermont; that he left real and personal estate in said county of Yellowstone of the value of twenty thousand dollars; that he left a will dated June 15, 1889, which was filed October 11, 1890, in the court below, and presented for probate; that the court by an order made December 1, 1890, refused to probate the same, and the petitioners appealed to this court; that they were informed in January, 1891, that the said Barney had executed a codicil to said will in August, 1890, and thereupon dismissed their appeal without prejudice; and that said will and codicil are the last will and testament of said Barney. The petition complies with the statute, and a full recital of the facts is not necessary at this time.

The material part of the will, which was published June 15, 1889, is as follows: "I do give and bequeath to my mother, Mary E. Barney, the sum of one thousand dollars. I give and bequeath to my daughter, Ida L. Barney, the sum of one hundred dollars, which said bequest of one hundred dollars shall be paid to my said daughter, Ida L. Barney, out of my estate, first, before the payment of any other bequest herein made. I give, devise, and bequeath to my three brothers and one sister, namely, Rufus H. Barney, Leonard L. Barney, Ward H. Barney, and Ella Barney, all the rest, remainder, and residue of my estate, all and singular, both real and personal, remaining after payment of my just debts, and the first two bequests above made, which remainder of my estate shall be divided amongst my said three brothers and one sister equally."

The appellants were appointed the executors of said will. The deceased person was not married in June, 1889, and had one child, the said Ida L. Barney. · Afterwards, in the month of August, 1890, the testator intermarried with Ellen C. Brodie in the State of Vermont, and she is the surviving wife. The codicil above mentioned consists of the following letter, which was written in the State of Vermont in the year 1890, although it purports to be dated in the year 1880 : —

"KELLER's BAY, Aug. 18, 1880.

" *Hon. E. N. Harwood, Helena, Mont. :* —

"I have not strength to write much, so I will pitch right into my subject, which is somewhat important. I was married nearly two weeks ago. . . . . So much explanatory; will enlighten you further on the subject, if you wish, when I see you. Now, what I want is for you to change my will so that she will be entitled to all that belongs to her as my wife. I am in very poor health, and would like this attended to as soon as convenient. I don't know what the laws are in Montana. I suppose Babcock and Rowley will have to witness the change or codicil. I don't know what ought to be done, but you do. . . . . Let me hear from you soon on this subject, as soon as you can make it convenient. With best wishes, I am truly yours,        CHARLES E. BARNEY."

Said Ida L. Barney filed, February 10, 1891, her written

objections to the probate of said will and codicil, and alleged that she is the daughter and only child of the deceased; that, at the time of the execution of the will and codicil, "the said Charles E. Barney was of unsound mind and memory, and not capable of making a will or bequest," and "was acting under duress, menace, and undue influence, and signed the same under such undue influence, duress, and menace;" that the said will was revoked August 9, 1890, by said Charles E. Barney in his lifetime, by his marriage to Ellen C. Brodie, "who thereafter, and up to the time of the death of said Charles E. Barney, was his wife;" that the deceased made no provision for his said wife "by marriage contract, or otherwise, nor has said surviving wife in any manner been provided for in said will, nor is she mentioned therein so as to show an intention not to provide for her;" that said will was presented December 1, 1890, to the said District Court for probate, and by an order the same was refused admission to probate; that said Hayes and Rowley appealed to the Supreme Court of this State, and "on their own motion dismissed said appeal;" that said order made December 1, 1890, "is now in full force, and has never been reversed or modified;" that said District Court "has no jurisdiction to hear said petition for the probate of said will a second time, and while its order made as aforesaid is in force, and is not reversed or modified." There is a denial that the said Charles E. Barney ever made or executed any codicil to said will. It is further alleged that said writing, which has been filed as a codicil, "is a positive revocation of said alleged will." "Plaintiff further alleges, on her information and belief, that said paper writing was not signed or written by said deceased; . . . . that by reason of the said alleged will being made by said deceased before his marriage with said Ellen C. Brodie as aforesaid, and by reason of the foregoing letter written as alleged by said deceased, said alleged will became and is revoked, null, and void;" that said Ida. L. Barney and Ellen C. Barney are the only heirs at law of the deceased. Said Hayes and Rowley filed, February 20, 1891, their answer to the objections of the said Ida L. Barney, and denied that, at the times specified and aforesaid, "the said Charles E. Barney was of unsound mind and memory," or "was not capable of making a will or bequest, or a codicil

thereto," or "was acting under duress, menace, and undue in-
fluence of any one," or that "he signed the said will or the said
codicil thereto under undue influence, duress, or menace." They
further denied that the will was revoked by the marriage of
said Charles E. Barney with said Ellen C. Brodie, or in any
other manner, or that "deceased made no provision for his sur-
viving wife by marriage contract or otherwise," or "that said
surviving wife has not been provided for in said will; but the
defendants allege affirmatively that the said surviving wife of
deceased was expressly provided for in the said codicil to said
will." Said Ida L. Barney then filed a demurrer, upon the
ground that the answer did not state facts sufficient to consti-
tute a defense to said objections, which was sustained by the
court. The defendants elected to stand on their answer, and
judgment was entered "that the objections of plaintiff to the
probate of said alleged will and codicil are well taken, and that
said alleged will and codicil are not, nor is either of them, the
last will and testament of the said Charles E. Barney, deceased."

A preliminary question has been suggested by the respondent,
who contends that the first decree of the court refusing to admit
to probate said will is binding upon all parties until it has been
reversed, and that this issue cannot be again litigated. There
is no controversy about the correctness of this legal proposition.
(*Castro* v. *Richardson*, 18 Cal. 478; *State* v. *McGlynn*, 20 Cal.
233; 81 Am. Dec. 118; *Redmond* v. *Collins*, 4 Dev. 430; 27
Am. Dec. 208; *Schultz* v. *Schultz*, 10 Gratt. 358; 60 Am. Dec.
335.) "The execution of a codicil referring to a previous will
has the effect to republish the will, as modified by the codicil."
(Prob. Prac. Act, § 448.) Chief Justice Field in *Payne* v.
*Payne*, 18 Cal. 302, said: "The codicil refers to the will, and
operates as its republication, and the two are to be regarded as
forming but one instrument, speaking from the date of the
codicil." To the same effect is the statute. "Several testa-
mentary instruments, executed by the same testator, are to be
taken and construed together as one instrument." (Prob. Prac.
Act, § 477.) It is evident that the contest, which involved
solely the probate of said will in the former proceedings, could
not be an adjudication of the matters which are before us.

It will be seen from the foregoing statement that the answer

of the appellants to the objections of the contestant raises the following issues of fact: Was the decedent of sound mind and memory, and competent to make said will? Was the decedent at the time of the execution of said will and codicil free from duress, menace, or undue influence? Did the decedent sign or write said codicil? We are not aware of any statute or authority which recognizes the practice of interposing a demurrer to said answer. On the contrary, the duty of the court is declared in definite language in the Probate Practice Act: "The petitioner and others interested may jointly or separately answer the contestant's grounds, traversing or otherwise obviating or avoiding the objections. Any issues of fact thus raised, involving (1) the competency of the decedent to make a last will and testament; (2) the freedom of the decedent, at the time of the execution of the will, from duress, menace, fraud, or undue influence; (3) the due execution and attestation of the will by the decedent or subscribing witnesses; or (4) any other substantial grounds affecting the validity of the will must, on request of either party in writing, filed three days prior to the day set for the hearing, be tried by a jury. If no jury is demanded, the court must try and determine the issues joined." (§ 20.) "When a jury is demanded, . . . . the trial must be conducted in accordance with the provisions of the Civil Practice Act for trials of issues of fact. A trial by the court must be conducted as provided in said Civil Practice Act in cases of trials by the court." (§ 21.) "The jury, after hearing the case, must return a special verdict upon the issues submitted to them by the court; upon which the judgment of the court must be rendered, either admitting the will to probate or rejecting it." (§ 22.) These provisions are strictly pursued, and the Supreme Court of California holds that, "in such a proceeding, the position of the petitioner, and the person who opposes the probate of the will, is different from that of parties to an ordinary civil action—the contestant is the plaintiff and the petitioner is the defendant." (*Estate of Wooten,* 56 Cal. 325.) Upon the trial, the contestant is limited to the matters which are presented in the written grounds of opposition. (*In re Kile,* 72 Cal. 131.) "The jury are to find upon all the issues of fact raised by the contest, and none others." (*Estate of Learned,* 70 Cal. 141; *Estate of*

*Dalrymple,* 67 Cal. 444.) A general verdict rendered by the jury in lieu of a special finding will not support a judgment denying the probate of a will. (*In re Langan,* 74 Cal. 353.)

The respondent claims in this court that these instruments, when examined and construed, are not of a testamentary character; that the issues which have been commented on are irrelevant and immaterial, and therefore there was no error in denying the probate of said will and codicil. It is obvious that the statute, *supra,* and authorities, preclude such a view of the subject. Why did the contestant deliberately file objections embracing matters of this serious nature, if she had in them no confidence? She assumed voluntarily the statutory burden of proving her allegations, which had been made under the sanctity of an oath. In *Estate of Cobb,* 49 Cal. 604, Chief Justice Wallace said: "The instrument offered being evidently of a testamentary character, upon application to admit it to probate the inquiry is only as to the mental condition of the testatrix; whether she was acting under duress, menace, fraud, or undue influence; whether the will was duly executed; and the like. The other questions attempted to be raised by the objections filed in the case concern the construction to be placed upon the will, and cannot be considered until it shall have been admitted to probate." The court in *Estate of Sanderson,* 74 Cal. 208, said: "In cases of contests of a will, the issues must be such as that the determination of them will leave to the court no office except to enter a judgment admitting the will to probate or rejecting it." The court below overlooked these plain requirements of the statute, *supra,* and deprived the appellants of their right to a trial by the mode which has been pointed out. It would be improper for us to express an opinion upon the interpretation of said will and codicil until the issues of fact have been tried and determined according to law.

It is ordered and adjudged that the judgment be reversed, and that the cause be remanded, with instructions to the court to proceed in accordance herewith.

*Reversed.*

DE WITT, J., concurs. HARWOOD, J., being disqualified, did not participate in this decision.