(December 14, 1899.)

## SCOTT v. HARKNESS.

[59 Pac. 556.]

OLOGRAPHIC WILL—MARRIED WOMEN.—The statutes of Idaho do not empower a married woman to make an olographic will.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Dietrich Chalmers & Stevens and Hawley & Puckett, for Appellant.

A married woman in Idaho who is over the age of eighteen years and of sound mind has the power, capacity and competency to make a valid olographic will; that is to say, she is not disqualified in the premises simply by reason of her coverture. Our statutes relating to olographic wills, as well as to the property rights of married women, may be traced primarily to the civil law, as introduced by Spanish and Mexican settlers on the coast, and in the south. Section 5307 of the Revised Statutes of Idaho is as follows: "An olographic will may be proved in the same manner that other private writings are proved. (Rev. Stats., sec. 5725.) Section 5726 of the Revised Statutes: "A married woman may dispose of all her separate estate by will, without the consent of her husband, and may alter or revoke the will in like manner as if she were single. Her will must be attested, witnessed and proved in like manner as all other wills." If the legislature intended to deprive a married woman of her classification as a person or of the power to make an olographic will, or if it intended to except her from the operation of the general statutes, why did it not say so? Such exception was made in England (2 Bishop's Law of Married Women, secs. 534, 535), in New York (2 Bishop's Law of Married Women, 2d ed., sec. 539; 1 Redfield on Wills, 29), and in Mississippi (2 Bishop's Law of Married Women, sec. 539).

Reeves & Gough for Respondent, cite no authorities upon the question decided by the court not cited by appellant.

HUSTON, C. J.—This is an appeal from a judgment of the district court affirming an order of the probate court denying probate of an instrument purporting to be the olographic will of Catharine Harkness, deceased, wife of appellant. To the petition of appellant praying the probate of said alleged will the plaintiff filed a complaint alleging among other things that said instrument, alleged to be the olographic will of said Catharine Harkness, deceased, was not the olographic will of said decedent, for that the same was not entirely written, dated, and signed by the hand of the decedent and testator

herself, as required by the laws of the state of Idaho. To this complaint the defendant (appellant here) filed a demurrer, which was overruled by the probate court. Defendant then filed an answer to the complaint, and the cause was heard by the probate court, which court rendered judgment adjudging and decreeing that "the said will of Catharine Harkness, deceased, be, and the same is hereby, rejected from probate, and declared not to be the last will and testament of Catharine Harkness, deceased." From this judgment of the probate court an appeal was taken to the district court. The only evidence offered in the probate court was the testimony of the defendant, Harkness, including a copy of the will in question. By agreement of counsel, the record as made in the probate court, including the bill of exceptions, should be and constitute the record in the district court. The district court affirmed the judgment of the probate court, and from said judgment this appeal is taken.

Two questions are presented to us by the record in this case: 1. Can a married woman make an olographic will, under the statutes of Idaho? 2. Was the instrument alleged in this case to be the will of Catharine Harkness, deceased, an olographic will?

As to the first question, a married woman could not make a will at common law. Her power to do so comes entirely from the statute. Until the revision of our statutes in 1887, there was no statute of wills in Idaho. Sections 5725 to 5728, inclusive, of the Revised Statutes of Idaho, are as follows:

"Sec. 5725. Every person over the age of eighteen years, of sound mind, may, by last will, dispose of all his estate, real and personal, and such estate not disposed of by will is succeeded to as provided in chapter 14 of this title, being chargeable in both cases with the payment of all the decedent's debts, as provided in this code.

"Sec. 5726. A married woman may dispose of all her separate estate by will, without the consent of her husband, and may alter or revoke the will in like manner as if she were single. Her will must be attested, witnessed, and proved in like manner as all other wills.

"Sec. 5727. Every will, other than a nuncupative will, must be in writing, and every will, other than an olographic will, and a nuncupative will, must be executed and attested as follows: 1. It must be subscribed at the end thereof by the testator himself, or some person in his presence, and by his direction must subscribe his name thereto; 2. The subscription must be made in the presence of the attesting witnesses or be acknowledged by the testator to them to have been made by him or by his authority; 3. The testator must, at the time of subscribing or acknowledging the same declare to the attesting witnesses that the instrument is his will; and 4. There must be two attesting witnesses, each of whom must sign his name as a witness, at the end of the will, at the testator's request and in his presence.

"Sec. 5728. An olographic will is one that is entirely written, dated and signed, by the hand of the testator himself. It is subject to no other form, and may be made in or out of this territory, and need not be witnessed."

The established rule that a general statute empowering all persons over a certain age and of sound mind to "dispose of all his estate, real and personal, by will," does not include married women seems to have been recognized by the legislature in the foregoing enactment. The only power, then, given by the statute to married women to make a will is such as is conferred by section 5726 of the Revised Statutes. We do not think olographic wills are included within the purview of that section. The will of a married woman "must be attested, witnessed, and proved, in like manner as all other wills." An olographic will need not be witnessed. The will of a married woman must be; and we do not think the addition of the words, "in like manner as all other wills," or the fact that the statute provides that certain kinds of wills need not be witnessed, can properly be urged as intending to extend the power granted by section 5726. We do not feel that we can extend by construction what seems to be the clear intendment of the law. Had it been the intent or purpose of the legislature to extend the power of married women, as expressed

in section 5726, they would have done so in terms apt and conclusive of that end. This would seem to be the view entertained by the code examiners of California in suggesting, and of the legislature of that state in enacting, the amendment to the statute of that state, from which our statute was copied. (See Cal. Civil Code, sec. 1273, and note.) From a careful examination of all the decisions of the courts of those states having a similar statute, we are constrained to hold that under the statutes of this state a married woman is not authorized to make an olographic will. We believe that, to be in accord with advanced opinion as evidenced by contemporaneous legislation, married women should be allowed testamentary powers, covering both olographic and nuncupative wills; but such powers can only be conferred by the legislature, and to undertake to confer them by judicial construction would be an assumption of power not authorized by the fundamental law.

This conclusion renders it unnecessary for us to pass upon the second question presented. We would say, however, that we have examined every case attainable, and, while we have found no case of an olographic will by a married woman, the cases are uniform in holding that, where it appears that the statute has not been strictly complied with, the instrument will be rejected. See the case of *Billings, Estate of,* 64 Cal. 427, 1 Pac. 701, and cases there cited, wherein the point upon which the wills were rejected was identical with that raised in the case at bar, to wit, that a part of the date was printed. The judgment of the district court is affirmed, with costs to respondent

Quarles and Sullivan, JJ., concur.