[S. F. No. 3929.   Department One.—November 19, 1904.]

In the Matter of the Estate of SETH W. CLISBY, Deceased. MRS. ANNE CLISBY, Appellant, v. MRS. ETHEL CLISBY et al., Respondents.

HOLOGRAPHIC WILL—DATE — LIST OF PROPERTY. — A holographic will commencing with the words "Property of S. W. Clisby, October 1, 1902," followed by a list of his property, and giving all of his property to his wife, is sufficiently dated. It is immaterial that the latter part of the will containing the bequest was written on a subsequent day. The testator may adopt as the date of his will the date previously written by him.

ID.—PETITION TO REVOKE PROBATE—DEMURRER—INTENTION OF TESTATOR NOT ALLEGED.—Where a demurrer was properly sustained to a petition to revoke the probate of the holographic will, upon the facts alleged, and there is nothing in the petition to indicate that the document probated as a will was not in intention one continuous instrument, the question will not be considered as to an intention, not alleged, to make a mere list of property, with no thought of making a will, and as to a subsequent intention, not alleged, to make it a will as a mere afterthought.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to revoke the probate of a will.   James M. Troutt, Judge.

The facts are stated in the opinion.

Van Ness & Redman, for Appellant.

Edwin L. Forster, and Robert R. Moody, for Respondents.

SMITH, C.—This is an appeal from an order refusing to revoke the probate of a will.   The appellant is Mrs. Anne

Clisby, the mother of deceased and contestant of the will; the respondents, Mrs. Ethel Clisby, widow of deceased and sole beneficiary under the will, and Hulme, administrator with the will annexed. The will is holographic, and is in the words and figures following:—

"Property of S. W. Clisby, October 1, 1902.

| | |
|---|---|
| Deposit Union Trust Company | ~~$22,755.20~~ |
| "       Cal. Safe Dep. Co. | ~~82.50~~ |
| | ~~850.00~~ |
| J. K. Meyers Acct. Truck & Team | ~~800.00~~ |
| J. D. Gove Note | ~~200.00~~ |
| Louis Volmer Acct. Buggy | ~~40.00~~ |
| C. H. Lehmers, Acct. I. O. U. tag | ~~50.00~~ |
| Con Roman, Acct. I. O. U. tag | ~~50.00~~ |
| L. A. Blasingame | ~~44.45~~ |
| James Lawrence Acct. Note (?) | ~~20.00~~ |
| | $23,852.63 |
| Merchants' Exchange | 500.00 |
| Buggy | 300.00 |
| Cash in Business | ............." |

"At my death all the above property and any other property that may be found to belong to me is to go to my wife and to her alone, and I omit intentionally all other members of my family.                    S. W. CLISBY."

The only facts alleged in the appellant's petition as grounds for revoking the probate are in effect that one of the numbers appearing in the document was altered, all of the numbers then erased, and the last paragraph written, on a day subsequent to the writing of the first part of the will; but all of this, it is alleged, was done by Clisby himself. A demurrer to the petition was interposed, and sustained, without leave to amend; and thereupon the judgment or order appealed from was entered.

Upon the facts stated—which are confessed by the demurrer—it is claimed by the appellant: 1. That on the face of the document it appears not to have been dated; and 2. That the concluding paragraph was written on a subsequent day.

In support of the former proposition it is urged, "that the words and figures 'October 1, 1902,' were not intended by the testator to express *the date of the instrument,* but merely the date *upon which he was the owner of the specified property.*" But this contention is untenable. There is indeed a certain ambiguity in the instrument. For, grammatically, the date used may be regarded either as the date of the memorandum or as the date of the will. But the difference is immaterial. For, on the former construction, the memorandum being part of the will, its date would be the date of the will also. Nor do we doubt the right of the testator to adopt as the date of his will the date previously written by him.

Nor is the case affected by the fact alleged, that the concluding part of the will was not written on the day the will was commenced. It is a very common thing for men to commence a letter or other document on one day and to finish it on the next or some subequent day; and in such case the date, whether written at the beginning—as is usually the case—or at the end—as is sometimes done—is, according to the common and received usage of language, the proper date of the writing; and this is equally true of legal documents, though these do not take effect until completed and delivered. We do not doubt, therefore, that the case comes within the meaning and intention of the enactments concerning holographic wills (Civ. Code, secs. 1276, 1277; Code Civ. Proc., sec. 1309); which, it is provided, are to be construed according to "the approved usage of the language." (Civ. Code, sec. 13; *Estate of Fay, ante,* p. 82.)

In the argument on this point, it is assumed by the appellant's counsel that it appears from the allegations of the petition that the memorandum of property was written by the testator on the date given with "no thought of making a will"; and, in effect, that the intention of using it as part of a will was an afterthought. But this—assuming it to be material—is not alleged. All that is alleged is simply that the writing of the concluding part of the will was on a day subsequent to its commencement. Nor is there anything in the petition to indicate that the document probated as a will was not in intention "one continuous instrument." (*Estate of Taylor,* 126 Cal. 98, 99.) Whether, were it otherwise, the

fact would be material is another question, which, as in the case cited, we leave undetermined.

Respondent's counsel are also in error in supposing that "it did not appear in the Skerrett case (67 Cal. 585), that the letter annexed to the deed was written at a date *other than the date when the deed was made.*" The contrary appared from the records before the court. The deed was dated "April 26, 1881," and was acknowledged April 27th, and the letter, as appears from its recitals, was written subsequently.

We advise that the judgment appealed from be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

                                        Angellotti, J., Shaw, J.

Van Dyke, J., concurred in the judgment.

Hearing in Bank denied.