IN RE NOYES' ESTATE. NOYES, RESPONDENT, *v.* GERARD, APPELLANT.

(No. 2,735.)

(Submitted December 14, 1909. Decided December 24, 1909.)

[105 Pac. 1017.]

*Probate Proceedings—Holographic Wills—Improper Execution —Statutory Provisions Mandatory.*

Holographic Wills—Execution—Statutory Provisions Mandatory.
  1.   The provision of section 4727, Revised Codes, that a holographic will must be entirely written, dated and signed by the hand of the testator himself, is mandatory; and in order to give such an instrument validity, the rule thus laid down must have been strictly pursued.
Same—Date Partly Printed—Probate—Proper Denial.
  2.   *Held,* that a writing on a letter-head of decedent, which met all the requirements of section 4727 above, with the exception that the figures "190—," in the designation of the year in the date, were printed, was invalid as a holographic will, and that the district court properly denied probate thereof. (MR. JUSTICE SMITH dissents.)

*Appeal from District Court, Yellowstone County; Sydney Fox, Judge.*

IN THE MATTER of the estate of Horace A. Noyes, deceased. Contest by plaintiff, John S. Noyes, of a writing filed by defendant, Sarah Gerard, with a petition to probate it as the holographic will of deceased. From a judgment for plaintiff defendant appeals. Affirmed.

STATEMENT OF THE CASE, BY THE JUSTICE DELIVERING THE OPIN-
ION.

After the final judgment had been entered in the cause en-
titled *In re Noyes' Estate, ante,* p. 178, 105 Pac. 1013, the de-
fendant, Sarah Gerard, filed a petition in the district court of
Yellowstone county asking that a writing, attached thereto as an
exhibit, be admitted to probate as the last will and testament of
said Noyes.  The following is a copy of the writing:

"Laurel, Mont., Feb. 23, 1903.

"To Whom It may Concern:

"I, Horace A. Noyes, being in my right mind, but bodily sick,
and believing I may die, do leave this request that what prop-
erty I·may leave shall all be given to Mrs. Sarah Gerard, who is
now living in my house on lot 13, block 2, townsite of E. Laurel,
and that she shall pay to my sisters and brother, or their natural
heirs in case of their death, the sum of $10.00 each, pay all my
debts, and bury my body in Billings.  I mean all real and
personal property of every description, and I farther wish that
John D. Losekamp act as administrator (without bonds).

"H. A. NOYES."

John S. Noyes, the plaintiff, a brother of deceased, instituted
a contest upon grounds stated in his written opposition to the
probate.  The defendant having filed her answer thereto, the
issues presented were submitted to the court for decision, upon
the following agreed statement of facts:

"That said parties hereby agree upon the following statement
of facts, and submit the same to the court for the determination
of the points in controversy hereinafter specified.  The facts
agreed upon are as follows:

"(1) Exhibit A, attached to the petition for probate of will
herein, is a full, true, and correct copy of the instrument filed
herein, purporting to be the holographic will of Horace A.
Noyes, deceased.

"(2) That said instrument is entirely written, dated, and
signed by the hand of the testator himself, except that the fol-
lowing portion thereof is printed thereon and is not in the hand-
writing of the testator, to-wit: 'Laurel, Mont. ——————, 190—.'

"(3) That said instrument is written upon a letter-head of deceased, on which the following printed words appear: 'H. A. Noyes, Dealer in Wines, Liquors and Cigars, Laurel, Mont. ——————, 190—.'

"(4) That the said Horace A. Noyes did not become acquainted with the said Sarah Gerard until the year 1899. The plaintiff concedes that this statement is true, but maintains that such fact is incompetent, irrelevant, and immaterial in determining whether or not the instrument offered is the holographic will of deceased executed in accordance with the laws of Montana, and reserves the right to object to this fact being considered by the court upon the hearing.

"The points in controversy, and upon which the decision of the court is asked, are as follows:

"(1) Does the printed part of said instrument invalidate the same as a holographic will?

"(2) Is the printed part of said instrument any necessary portion of said instrument as a holographic will?

"(3) Was said instrument entirely written, dated, and signed by the hand of the testator himself in so far as it is necessary to constitute the same a holographic will of said testator?"

Upon these facts the court made its decision for plaintiff, and judgment was entered accordingly. Defendant has appealed.

*Mr. W. M. Johnston,* for Appellant, submitted a brief and argued the cause orally.

It is conceded by counsel for respondent that the words "Laurel, Mont.," are no part of the date, and the fact that they are printed in the date line is immaterial. The only question is whether the figures "190" printed in the date line invalidates the instrument. We contend that it does not. (See Williams on Executors, 149, note; *McMichael* v. *Bankston,* 24 La. Ann. 451; *Gaines* v. *Lizardi,* 9 Fed. Cas. 1042, No. 5175; *Clark's Succession,* 11 La. Ann. 125.)

If the acts of the deceased in *Re Skerrett,* 67 Cal. 587, 8 Pac. 181, were a compliance with the statute as to the dating

of his will, there is much more reason why the instrument in question complies with the law as to dating, and it should have been admitted to probate. It has been held that "Harriet" signed to a holographic will is a sufficient signature. That certainly was not more nearly the name of the testator than the date as made by Mr. Noyes was the complete date of his will. (*Appeal of Knox*, 131 Pa. 220, 17 Am. St. Rep. 798, 18 Atl. 1021.) In *Estate of Fay*, 145 Cal. 82, 104 Am. St. Rep. 17, 78 Pac. 340, the court held that the date was not material; that it was a means of identification and aided in determining the authenticity of the will. In the case at bar there was no question as to identification and absolutely none as to the authenticity of the will. The agreed statement of facts shows that Mr. Noyes was not acquainted with Mrs. Gerard until the year 1899. He could not possibly have made any will in her favor in any year ending with the figure "3" until the year 1903. This fact clearly establishes that the will was written in 1903, without in any way considering the printed figures "190—." If we eliminate from the instrument in question all the printed matter we would have the date as follows: "Feb. 23, ——3." This would at least indicate that the will was drawn in a year ending with the figure "3." The agreed statement that he did not know Mrs. Gerard until the year 1899 conclusively establishes the date as the year 1903. It would appear to be much more nearly a compliance with the law than the case last cited. In the case of *Barney* v. *Hayes*, 11 Mont. 99, 571, 28 Am. St. Rep. 495, 27 Pac. 384, 29 Pac. 282, a letter admitted to probate was dated, but incorrectly dated. If an incorrect date is sufficient, then the dating in question should be sufficient. It has been held that the year may be designated by two figures, as "97." (*Lakemeyer's Estate*, 135 Cal. 28, 87 Am. St. Rep. 96, 66 Pac. 961.) In *Clisby's Estate*, 145 Cal. 407, 104 Am. St. Rep. 58, 78 Pac. 964, testator made out a list of his property which was dated. Underneath this property list he wrote a paragraph bequeathing the same to his wife. There was no

proof whatever as to when the paragraph was written, but the court held it to be a good holographic will.

All that is to be accomplished by the dating of a holographic will was accomplished by the dating of this instrument, supplemented by the facts agreed upon. From the written part of the instrument and the agreed facts it is easy to determine the exact date of the will, whether it is the last will of the deceased, whether he was then of sound mind, whether it was a forgery, or whether the deceased was in any way imposed upon.

*Mr. Chas. A. Taylor,* and *Mr. Harry L. Wilson,* filed a brief in behalf of Respondent. Oral argument by *Mr. Wilson.*

The right to make a testamentary disposition of property is a statutory privilege, and a person exercising this privilege must do so in strict compliance with the requirements of the statute. (*Estate of Walker,* 110 Cal. 387, 52 Am. St. Rep. 104, 42 Pac. 815, 30 L. R. A. 460; *Estate of Seaman,* 146 Cal. 455, 106 Am. St. Rep. 53, 80 Pac. 700; *Luper* v. *Werts,* 19 Or. 122, 23 Pac. 851; *Richardson* v. *Orth,* 40 Or. 252, 66 Pac. 926, 69 Pac. 455; *In re Andrew's Will,* 162 N. Y. 1, 76 Am. St. Rep. 294, 56 N. E. 529, 48 L. R. A. 662, and cases therein cited.)

The formalities prescribed by law for the execution of holographic wills must be strictly observed or the will is void. (*Succession of Armant,* 43 La. Ann. 310, 26 Am. St. Rep. 183, 9 South. 50.) "The date is an important part of every holographic will, and consists of the year, month and day, the omission of any one of which is fatal." (29 Am. & Eng. Ency. of Law, 1st ed., 129.) The case of *Fuentes* v. *Gaines,* 25 La. Ann. 85, holds that the date is composed of the year, month and day, and that the absence of any one of them is fatal.

The language of the statute of California on this subject is exactly the same as our own, and in the following cases having to do with the question of dating, the supreme court of that state has held that the provisions of the statute must be complied with: *Estate of Martin,* 58 Cal. 530; *Estate of Rand,* 61 Cal. 468, 44 Am. Rep. 555; *Estate of Billings,* 64 Cal. 427, 1

Pac. 701; *In re Plumel's Estate,* 151 Cal. 77, 121 Am. St. Rep. 100, 90 Pac. 192.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

While the statement sets forth in form three questions for decision, they are all, in substance, the same, and may be incorporated in the single inquiry, to-wit: Is the instrument in question "entirely written, dated, and signed by the hand of the testator himself," so as to constitute it a valid holographic will within the rule prescribed by the statute? Section 4727 of the Revised Codes declares: "A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this state, and need not be witnessed."

It is conceded by the plaintiff that the writing meets all of the requirements, except that the figures "190—," in the designation of the year in the date, are printed, and this he insists renders it invalid. The purpose of the provisions touching wills with witnesses and the rule of construction applicable are stated in the decision in *Re Noyes' Estate, supra.* What is there said applies with equal force to the provision under consideration here, for it is mandatory, in its terms, the purpose of it is the same, and the necessity to meet its requirements is equally imperative.

The contention of defendant is that the date is material only as a means of identification and as an aid to the court in determining the authenticity of the will, and that, since there is no question here either as to the identity of the testator or as to the authenticity of the will, it is wholly unimportant that the figures "190—" are not in the handwriting of the testator. If, he says, these figures were omitted, the date would be "Feb. 23, ——3," thus bringing the writing within the decision in the case of *Estate of Sullivan,* 130 Pa. 342, 18 Atl. 1120, cited in the note to the text on page 149 of 1 Williams on Executors. There the entire will was as follows: "March 4. Will my Properti to my weif my death. John Sullivan."

Upon examination of the case itself we find that the form of the writing was not in any way involved, the only question determined being the capacity of the testator. The decision is therefore not in point. The case of *McMichael* v. *Bankston*, 24 La. Ann. 451, is cited. In this case the action was brought by the heirs of McMichael to cancel the holographic will of their father, on the ground that it was not all written by him. It appeared that two words had been inserted in the body of the instrument by some person other than the testator. The court held that, since the meaning of the testator was apparent without the inserted words, it would, under a provision of the code relating to procedure on probate of wills, consider them as not written, and therefore as not impairing the validity of the will. The case does not touch the point at issue. The case of *Gaines* v. *Lizardi*, 9 Fed. Cas. 1042, No. 5175, is not entirely in point. As appears from the statement of the case, this was an action brought as an adjunct and means of defense to other suits to recover real estate in which the owner rested her title upon a holographic will; the substantial allegation being that the will had been admitted to probate upon false and insufficient evidence. The will had been lost or destroyed. Upon proof that it had been executed according to the requirements of the statute, that the testator had not destroyed or revoked it, and that the petitioner had by its terms been made the sole legatee, it had theretofore been admitted to probate by the proper court in Louisiana, the place of testator's residence. (*Clark's Succession*, 11 La. Ann. 124.) The contention was that it had not been shown at the time of its admission to probate to have been properly dated, in that the day of the month was not mentioned. The federal court held that the evidence, though not specific and definite as to the particular day of the month, was sufficient to warrant the conclusion that the Louisiana court had found that it bore date on a particular day, and, in any event, that, inasmuch as it justified the conclusion that it did bear date upon one of the days of the month mentioned, it was sufficient. Both the federal and the state courts recognized the rule that the requirements of the statute, as to the

form of the instrument, must be strictly complied with in order to give it validity. In the case of *In re Skerrett*, 67 Cal. 585, 8 Pac. 181, the deceased in his lifetime executed and acknowledged a deed purporting to convey certain property to his sister. The deed was dated April 26, 1881, and acknowledged on the following day. The deed was never delivered, and hence could not take effect. It was not testamentary in character, and therefore could not have the effect of a will. A copy of it was found among the papers of the deceased in an envelope, together with an undated letter addressed to the sister. The letter showed a clear intention, expressed in the handwriting of the testator, that the sister should have the property. The time when the copy of the deed was made did not appear, nor did it appear when the letter had been written, except that it had evidently been written after the execution of the deed. The court held that the two documents constituted one instrument and was a completed will, the copy of the deed furnishing the date, and the letter the character of it. This case is cited with approval in *Estate of Fay*, 145 Cal. 82, 104 Am. St. Rep. 17, 78 Pac. 340, wherein it was held that a writing, otherwise sufficient in form, was not rendered invalid by the fact that in the date the year was stated as "1859"; whereas, it should have been "1889."

These cases in principle, support defendant's contention; but they seem clearly to ignore the rule prescribed by the statute, and, as we shall presently see, are not upheld by the decisions of the same court. In *Estate of Knox*, 131 Pa. 220, 17 Am. St. Rep. 798, 18 Atl. 1021, 6 L. R. A. 353, cited by the defendant, nothing further is decided than that the signature required is the one customarily used by the testator, and that, since the testatrix had signed the will in question by the name she habitually used, though it was only her first name, it was a sufficient signing. In *Toebbe* v. *Williams*, 80 Ky. 661, the testator had written, dated, and signed a document as his will. He, afterward went to an attorney and asked him to suggest such verbal corrections as he thought advisable. The attorney made four unimportant changes in pencil by interlineation and at the

ends of the lines, and also by running his pencil through certain words. He also informed the testator that a will written wholly by the maker did not require witnesses, but that a will not so written must be witnessed, and gave him a form of attestation. After the testator's death the paper was found, bearing an unsigned attestation clause. The probate of this document being contested on the ground that it was not a completed will, the court held that it was such a will, although the testator, through mistake of law, thought it was not. In *Estate of Fay, supra,* the court said: "The date is not the material thing, although made necessary by the statute. It is a means of identification and aids in the authenticity of the will; but the main and essential thing is that the will be wholly written and signed by the hand of the testator." In an extended note to this case, after commenting upon a number of cases, and citing *Estate of Clisby,* 145 Cal. 407, 104 Am. St. Rep. 58, 78 Pac. 964, to the point that the testator may adopt as the date of his will any date previously written, Mr. Freeman says: "We must confess that the reasoning upon which these decisions are placed goes far toward establishing that the requirement of dating is directory rather than mandatory, and is, to us, entirely unsatisfactory so long as it is conceded that the requirement must be obeyed." (104 Am. St. Rep. 29.) With this statement we agree. The requirement of the statute as to the date is not less mandatory than is the requirement as to signing, and it is not for the courts to say that either may be omitted without defeating the intention of the testator, though clearly expressed in the body of the writing.

In *Estate of Martin,* 58 Cal. 530, the court held that a paper, complete in every other respect than that it bore no date, was inoperative as a holographic will, giving as its reason that the statute makes this requirement, and that this sort of a will is subject to no other form. In *Estate of Rand,* 61 Cal. 468, 44 Am. Rep. 555, the same court held that where the testator had filled in the spaces in a stationer's printed form, in his own handwriting, the paper did not meet the requirements of the statute, although complete in every other respect. In *Estate*

*of Billings,* 64 Cal. 427, 1 Pac. 701, a paper, though written in full in the handwriting of the testator, except that in the date the name of the place and the year were printed, was held invalid; the court saying that it must be entirely written, entirely dated, and entirely signed by the testator himself, the question in all such cases being, not what was the intention of the testator, but, rather, does the instrument under examination meet the requirements of the law? The formalities prescribed must be complied with, or the will is void.

The latest decision of the supreme court of California is *In re Plumel's Estate,* 151 Cal. 77, 121 Am. St. Rep. 100, 90 Pac. 192. The instrument in question was entirely written, dated, and signed by the testator, except that in the date, January 12, 1904, the figures "190" were printed. Under date of January 14, 1904, there was written on the back a codicil, entirely in the handwriting of the testator. The conclusion was that the will itself was void, but that, upon the well-established principle that a codicil properly executed may by appropriate reference incorporate within itself a document or paper not so executed, the codicil cured the defect in the execution of the will, and that the document, as a whole, was entitled to probate.

In *Fuentes* v. *Gaines,* 25 La. Ann. 85, it was said: "The right to make a testament at all is derived from the law. The legislature which conferred the right could undoubtedly impose such rules for the probate of wills as it deemed proper, and these rules and restrictions are obligatory on courts." This is true not only as to the quantum of proof necessary to authorize the probate, but also as to the particulars attending the execution. To the same effect is the decision in *Succession of Armant,* 43 La. Ann. 310, 26 Am. St. Rep. 183, 9 South. 50. A case directly in point here is *Succession of Robertson,* 49 La. Ann. 868, 62 Am. St. Rep. 672, 21 South. 586. The document under consideration was written, as here, on a letter-head of the testator, having the words "New Orleans," and the figures "189" in print. The only date written was "Dec. 12, ——2." The court affirmed the judgment of the district court and declared

the document a nullity. Referring to a provision of the Civil Code similar to our own, it said: "Under the precise language of the article, the date is one of the essential formalities of a holographic testament. The nullity is declared by the law itself. It has been decided that absence or uncertainty of the month or the day of the testament is cause to decree it null. For better reason, the ruling should be the same where the year is not stated or is left to mere conjecture. The 'year' printed or written by another is not a date in the hand of the testator, made the essential of a valid will. The law enjoins the date on two grounds: The first, the most essential, is in order that the precise date the testator made a disposition of his property may be known, rendering it possible to determine whether the testator had the capacity of giving at the time the testament was made. The second ground is secondary; if there are two testaments, it should be manifest which is the last, in case of opposing or incompatible disposition. In either case the date written by the testator is an essential." It quotes from *Lewis* v. *Executors,* 5 La. 396, as follows: "The law, in its anxiety to guard against the testator being circumvented or practiced on, will not permit a testament to have any effect, no matter how strong the moral evidence may be that it contains truly his last disposition of his property. The formality (our code says) must be observed, otherwise the testaments are null and void. * * * Courts of justice therefore can do nothing else but inquire, when a case of this kind arises, whether the formalities have been pursued."

We agree with the principle of the decision in *Estate of Plumel, supra,* and the rule as announced in *Succession of Robertson, supra.* The statute is clear and unmistakable in terms. This court has no power to disregard it; and, as well said by Judge Fenner, in *Succession of Armant,* 43 La. Ann. 314, 26 Am. St. Rep. 183, 9 South. 52: "We were at first much impressed with the clear proof made that the deceased intended this paper to be her testament; but there is no more doubt that she intended the invalid nuncupative codicil to be her testament. Yet, as the latter was attested by women who are in-

competent testamentary witnesses, no one claims its validity; and so, if the holographic will is not signed as required by law, her intentions cannot save it. The question is not whether she intended this paper to be her will, but whether it is a will clothed with the form of law. A holographic will, like every other testament, is a solemn act. It matters not how clearly it conveys the last wishes of the decedent. If it is not clothed with the forms prescribed, it is null." The following authorities sustain this view: *Warwick* v. *Warwick*, 86 Va. 596, 10 S. E. 843, 6 L. R. A. 775; *Baker* v. *Brown*, 83 Miss. 793, 36 South. 539; *Scott* v. *Harkness*, 6 Idaho, 736, 59 Pac. 556; 30 Am. & Eng. Ency. of Law, 2d ed., 551. But it is useless to multiply authorities. The statute declares the rule itself in unmistakable terms. It may well be said that such a will need not be in any particular form, and that a mistake in the date will not invalidate it; but that the statutory requirements, thus plainly expressed, must be substantially met, is, we think, the only safe rule.

Counsel for defendant cites, also, the case of *Barney* v. *Hayes*, 11 Mont. 99, 27 Pac. 384, 11 Mont. 571, 28 Am. St. Rep. 495, 29 Pac. 282, wherein a letter was admitted to probate as a codicil to a will, though the year mentioned in the date was "1880," instead of "1890," the year in which it was written. Since the letter was written, dated and signed entirely in the handwriting of the testator, it was upon its face a valid testamentary paper, so far as its form was concerned. As we have already stated, it may be that a mistake in the date does not invalidate the instrument; yet, though this is so, the case of *Barney* v. *Hayes* does not affect the point at issue. Omitting the figures "190" from the date, the instrument before us is without date, and is therefore invalid as a will.

The judgment of the district court is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE SMITH dissents.

Rehearing denied January 22, 1910.