The People ex rel. Henry M. Bowen et al., Respondents, *v.* Griffith Jones, Commissioner, etc., Appellant.

Under the provisions of the act of 1847 (§§ 8, 9, chap. 455, Laws of 1847), providing for the appointment of, and for the hearing by, referees of appeals from determinations of commissioners of highways, it is only "any decision laying out, altering or discontinuing any road, in whole or in part," made by referees so appointed, which cannot be altered for four years; the limitation does not include a decision which refuses to lay out, alter or discontinue.

A certificate of freeholders as to the necessity of a laying out or alteration of a highway through improved lands is not necessary, where the owner consents thereto and files with the town clerk a release of damages.

A highway running obliquely across the farm of a petitioner, near its terminus in another highway, was changed by the commissioners so as to run on the line of lots, and to enter the other highway at right angles. *Held*, that this was an alteration, not the laying out of a new road.

The laying out of some part of a new highway, and the necessary discontinuance of a portion of an old highway, are incidents to an alteration, but in such case are not embraced within the terms laying out and discontinuing a highway, as used in the highway act ; these contemplate independent improvements.

*People ex rel. Bowen et al.* v. *Jones, Comr., etc.* (2 T. & C., 360) reversed.

(Submitted November 19, 1876; decided November 30, 1875.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, reversing, upon certiorari, an order made by the commissioner of highways of the town of Booneville, Oneida county. (Reported below, 2 T. & C., 360.)

The highway in question terminated in another; from a point fourteen chains forty-seven links, it ran obliquely across the farm of the applicant for the alteration. The order appealed from changed the route from said point, so that the road would run on the line of lots, and enter the other road at right angles, thereby shortening the distance to thirteen chains. The order discontinued the portion of the old road, from the point of divergence to the other highway. The owners of the land over which the new route passed consented to the change, and executed a release of all

claims for damages, which was filed with the town clerk. The change was termed in the order an alteration. It was granted upon application, and the release, without a certificate of freeholders. About a year prior to the granting of the order, an order was made by a former commissioner, making the same change. This was made upon a certificate of freeholders. An appeal was taken therefrom, referees were duly appointed, as prescribed by the act, chapter 455, Laws of 1847, section 8, who reversed the order.

The General Term reversed the order in question, upon the ground that the former order was, under said act (section 9), binding and conclusive for four years.

*L. W. Fiske* for the appellant. The commissioners had jurisdiction and power to make the alteration without the intervention of a jury, and the alteration came within the meaning of the statute to alter a highway. (3 Edm. Stat., 538, § 15; *Garretson* v. *Clark*, Lal. Sup., 162; *People* v. *McNeil*, 2 S. R., 140; Thompson on Highways, 180; *Gould* v. *Glass*, 19 Barb., 179; Laws 1874, chap. 613; Laws 1847, chap. 455; *Marple* v. *Whitney*, 28 N. Y., 297; *Benton* v. *Wickwire*, 54 id., 226–228; *Johnson* v. *Oppenham*, 55 id., 280–289; 11 id., 601; 12 Abb., 38; 4 Seld., 482; *Bruyn* v. *Graham*, 1 Wend., 376.)

*C. D. Adams* for the respondents. Commissioner Jones in making the second order acted without jurisdiction. (2 R. S. [5th ed.], 403, §§ 123, 128, 404; 2 Cai., 179; 13 Wend., 432; 3 R. S. [5th ed.], 382, § 2; id., 395, §§ 76, 77; id., 403, §§ 81, 82; id., 581, § 1, sub. 2; Laws 1873, chap. 315; Laws 1874, chap. 613; Laws 1875, chap. 431.)

Church, Ch. J. The certiorari is brought to review the proceedings of the highway commissioner in altering a public highway near its termination in another highway, by changing its direction, where it run obliquely through the farm of one of the petitioners, so as to make it run on the

line of lots and strike the other highway at right angles, thereby shortening the distance from the point of divergence to the other highway about twenty rods. This was done with the assent of the owners of the land through which the altered road run, and they released all damages caused thereby. The proceedings were reversed by the General Term upon the ground that four years had not elapsed from the reversal, by referees, of an order making the same alteration.

In 1871, the then highway commissioner, with the aid of a jury who certified to its necessity, filed an order making the alteration, which, on appeal. under the act of 1847 (chapter 455), was referred to referees, who reversed the order. In 1872, the appellant, as highway commissioner, upon petition and after a release of damages by the owners, filed the order in question, which makes the same alteration as that before reversed. The statute which is claimed to bar this proceeding is section 9 of the act of 1847, before referred to, and reads as follows:

"Every referee appointed under the preceding section shall be entitled to receive two dollars for every day employed in the hearing and decision of such appeal or appeals, to be paid by the party appealing where the determination of the commissioners shall be confirmed, but where it is reversed to be a charge upon the county; and when the referees shall make any decision laying out, altering or discontinuing any road in whole or in part, it shall be the duty of the commissioners of highways of the town to carry out *such* decision in the same manner as required in cases of final determination of appeals, as provided by the thirteenth section of the act hereby amended; and such decision shall remain unaltered for the term of four years from the time the same shall have been filed in the office of the town clerk."

The General Term held that "such decision," in the last clause of the section, was not confined to the antecedent decision specified in the same clause, viz., " any decision laying out, altering or discontinuing any road in whole or in part," but might be taken to refer to the word " decision "

in the first part of the section.  With great respect, I am
unable to concur in this construction of the statute.  The first
part of the section relates to the compensation of referees,
and directs by whom such compensation shall be paid, and
includes every decision which may be made; the latter por-
tion of the section, not by punctuation merely but by plain
intendment, relates to a different subject, and is independent
of the first part of the section, and should be construed
accordingly.  It requires commissioners to carry into effect
any decision of referees, laying out, altering or discontinuing
any road, and then declares that "such decision" shall remain
unaltered four years.  It seems to me manifest that the deci-
sion which is to remain unaltered is the decision which lays
out, alters or discontinues a highway, and which the commis-
sioners were to carry into effect.  A decision which refuses
to lay out, alter or discontinue is not included.  When the
language of a statute is unambiguous there is no occasion for
construction; the language must have its effect.  There is no
reference in this part of the section to any thing contained in
the first, and no reference to decisions generally, but the lan-
guage is confined to such decisions as require affirmative
action.  The two parts of the section should be construed as
if contained in separate sections.  But if we leave the plain
meaning of the language and seek after a supposed intent,
I cannot agree with the General Term in inferring that the
legislature must have intended to put a refusal to act upon
the same footing in respect to its finality for four years as
affirmative action, authorizing an improvement.  The laying
out of a road requires work, labor and expense, and perhaps
the obtaining of land to carry it into effect, and we can well
see that public policy might dictate its remaining a sufficient
time to test its utility before the question should be again
opened; while a mere refusal to lay out a road at one time
would be no reason for not asking it at another.  An altera-
tion might not be deemed important at a particular time,
while in a single year it might be regarded as desirable.  The
policy of continuing as final a decision against making an

improvement is not apparent; and when the language does not justify such a construction, it is difficult to find any ground for recognizing such a policy.

We concur with the court below, that the certificate of freeholders is only necessary where highways are laid out through improved land without the consent of the owners. With such consent and a release, the commissioner had power without a jury to lay out or alter a highway. (Lalor's Sup., 162; 28 N. Y., 297; 20 id., 252.) This objection is therefore untenable.

The objection that the change made is not an alteration, cannot be sustained. The road is the same; it does not open a new route of travel; it makes a right angle instead of an obtuse angle in an existing highway. We cannot say that the public interest did not demand it; public convenience, the adaptability of the land for a public highway, and the expense of repairs, are questions for the commissioner to determine. The propriety of the alteration is not reviewable. Every alteration of a highway may involve to some extent the laying out of some part of a new highway, and the necessary discontinuance of a part of an old highway, but such laying out and discontinuance are the incidents of an alteration, and not independent improvements contemplated by statute under those definitions. At all events, the new piece of road laid out would be a highway, under the authority possessed by the commissioner to lay out highways with the assent of the owners of land, and without the aid of a jury.

The judgment of the Supreme Court must be reversed, and the proceedings of the commissioner affirmed.

All concur.

Judgment reversed.