MONROE COUNTY.—HON. W. DEAN SHUART, SURROGATE.—
January, 1878.

PROCTOR v. CLARKE.

*In the matter of the probate of the will of* MARY C.
PROCTOR, *deceased.*

Under the provision of the New York Statute prescribing the requisites for
the due execution and publication of a will (2 *R. S.*, 63, § 40), the exe-
cution of a codicil made by a testatrix after her marriage, and declared
by her to be a codicil merely to a will duly published and executed
before her marriage, does not validate the will.

The codicil being declared to be such only, and not published as a will,
cannot be admitted to probate as a will.

THE testatrix, being unmarried, made and executed
her will in due form, August 25th, 1873. On July
12th, 1875, she executed a codicil to the same. Octo-
ber 19th, 1876, she married. December 17th, 1876,
she executed another codicil, and on the 1st day of
October, 1877, died, leaving her surviving as her only
heir-at-law and next-of-kin Warren R. Clarke, her
brother, and Truman A. Proctor, her husband.

The probate of the will was contested on the grounds
that it was not the will of the deceased; that it was
not executed according to the formalities required by
law; that the testatrix was incompetent to make a
will and was unduly influenced, and that it was revoked
by her marriage and never re-executed.

The other facts appear in the opinion.

T. A. WHITTLESEY, THEO. BACON *and* H. R. SELDEN *for proponent.*

J. C. COCHRANE *and* A. G. WHEELER *for W. R. Clarke, contestant;
and* ALLEN BROS. *for T. A. Proctor, contestant.*

THE SURROGATE. — It is plain from the·evidence that the will of August 25th, 1873, was duly executed at the time it bears date; that the testatrix was competent in all respects to make a will; that the property amounted to about $150,000, and came to her from the estate of her father, George H. Clarke, and is mostly disposed of for charities, largely of an indefinite character. Nothing is given to the children of her husband or of her brother, although before her death she expressed her intention to give to both. And, although the will is in the handwriting of George R. Clarke, and he was present and superintended the execution of the will, I am unable to find that any undue influence was exercised over her. Our courts appear to hold of late that nothing short of actual coercion or fraud is undue influence. Hazard *v.* Hefford, (2 *Hun.*, 445.)

Influence arising from gratitude, affection or esteem is not undue influence. Gardiner *v.* Gardiner, (34 *N. Y.*, 155.)

On the 19th of October, 1876, the deceased was married to Dr. T. A. Proctor. The marriage revoked the will. It became a nullity and was as if it had never been executed. Lathrop *v.* Dunlop, (4 *Hun.*, 213.)

The question now is, was this will subsequently revived by the execution of the codicil of December 7th, 1876 ? There is no pretense that the codicil was not executed with all the formalities required by law to establish it *as a codicil,* but does its execution as a codicil amount to a re-execution or a new execution of the will ? This presents a new and very important

question — one nowhere decided under our statute of wills. Under our statute, four things are necessary to the formal execution of a will, viz.:

First. — A subscription by the testator at the end of the will.

Second. — The making of such subscription in the presence of each of the attesting witnesses, or an acknowledgment of the making of the same, to them.

Third. — A declaration by the testator, at the time of making or acknowledging the subscription, that the instrument so subscribed is his last will and testament. And,

Fourth. — Two attesting witnesses, who shall sign at the end of the will at the request of the testator. (2 *R. S.*, 63, § 40.)

If any one of these be omitted, the will is not properly executed, and cannot be admitted to probate. Upon the formal execution of the will, August 25th, 1873, these were all complied with.

The marriage, October 19th, 1876, worked a complete revocation, and the condition of the instrument purporting to be her will was as if it had never been executed — as if the formalities required by statute had never been complied with. Mrs. Proctor *then* had no will whatever. Had she died at that time she would have died intestate. To re-establish the instrument of August 25th, 1873, as a will, there must be a *re*-execution or a *new* execution of it. The same formalities must be complied with as in the first instance. In the execution of the codicil of December 7th, 1876, these formalities were all complied with except the third, which requires the declaration by the testator that it

is his last will and testament. Instead of this, it was declared to be a " *codicil to her last will and testament and a reaffirmation of the latter*." Had this declaration then been that the instrument was her last *will and testament*, instead of a *codicil*, I should have no hesitancy in admitting it to probate as her will. But declaring it to be a *codicil* is not declaring it to be a *will*. The terms are not synonymous.

Although our statute (2 *R. S.*, 68, § 11), provides that the term *will* shall include codicils, as well as wills, it does not follow that the term codicil includes wills. A codicil is defined to be " some addition to or qualification of a last will and testament." (Bouvier's Law Dictionary, vol. 1, p. 285.)

In the case of Lewis *v*. Lewis (11 *N. Y.*, 220), the testator declared the instrument to be his " free will and deed," and the court held that it was not a sufficient declaration that the instrument was his will. It was not a compliance with the statute ; and the will was not admitted to probate. The statute in its terms is plain and unambiguous, and in such a case, as Church, C. J., says, in The People *v*. Jones, (63 *N. Y.*, 309), " There is no occasion for construction ; the language must have its effect." The Chancellor, in an elaborate opinion, in the case of Brinckerhoof *v*. Remsen (8 *Paige*, 488), points out the difference between our former statute of wills and the present one, and shows the necessity of the publication of the instrument by declaring it to be the last will and testament of the testator.

It is claimed by the proponents that the exact question involved in the present case has been repeatedly

before the English courts since 1837. The case of Allen *v.* Maddock (11 *Moore P. C.*, 427), is cited. In that case, a codicil referring to a paper informally executed as a will, and calling such paper a will and itself a codicil thereto, was held to establish and give effect to the whole as a will; and Sir T. Pemberton Leigh, who writes the opinion, refers (at page 445) to the fact that, in numerous cases to be found on the subject, republication of a will by a codicil duly executed is in effect equivalent to a re-execution of the former instrument.

And in Neate *v.* Pickard, decided in England in 1843, it was expressly held that a will revoked by marriage under the statute is revived by a codicil made after marriage.

In Beall *v.* Cunningham (3 *B. Monroe* [*Ky.*], 390), decided in 1843, Ewing, C. J., in delivering the opinion of the court, says: "A codicil is part of the will to which it is attached or refers, and both must be taken and construed together as one instrument. The codicil recognizes the existence of the original, changing it in part and affirming it in those parts in which it is not altered; and hence it has been well established that a codicil executed with the solemnities required by the statute for passing lands is a republication of a will, and both taken together make but one will, and that such republication will have the effect to pass lands acquired after the date of the will, but before the date of the codicil, or to revive and give force and operation to a revoked will." (Citing *Roberts on Wills*, 357; *Powell on Devises*, 610, 620; *Williams on Exrs.*,

29

103 ; 3 *Harrison Digest,* 2,186, title Wills, and cases referred to in these elementary writers.)

But the statutes of wills under which all these cases were decided differ from our statutes, and *do not* require a declaration by the testator that the instrument is his last will and testament, and the execution of a codicil is exactly the same in *all the formalities* required by law as the execution of a will.

In Allen *v.* Maddock (*above*), the *codicil was executed as a will.* So of all the other cases holding that a revoked will may be republished or revived by a codicil duly executed.

The codicil in the case at bar was *not executed as a will,* and it could not, therefore, be itself admitted to probate *as a will,* and could not validate another instrument which also was not then a will.

I must, therefore, refuse to admit the alleged will to probate, and decide that the deceased died intestate.