THE PEOPLE OF THE STATE OF NEW YORK ex rel.
HELEN C. BEARDSLEE and GUY R. BEARDSLEE
v. HENRY A. DOLGE, Commissioner of Highways of the
Town of Manheim.

*Laying out of highways — drawing of jurors by the clerk — an irregularity therein
will not deprive the commissioners of jurisdiction — section 75 of article 4, title
1, chapter 16, part 1, Revised Statutes, as amended by chapter 696 of 1881 — the
hearing is to be had on the writ and return only.*

Upon the hearing had upon the return to a writ of *certiorari* to review the pro_
ceedings of commissioners of highways in altering and laying out a highway
across the lands of the relator, it was claimed that the town clerk violated the
provisions of section 75 of article 4, title 1 of chapter 16 of part 1 of the Revised
Statutes, as amended by chapter 696 of 1881, in that he did not, in the first
instance, remove from the box containing the names of jurors the names of
those who were interested in the lands to be taken, or were of kin to the
owners thereof, but proceeded to draw from the entire list of jurors selected
and returned for the town.

*Held,* that as the name of no person who was interested in the land to be taken,
or was of next of kin to the owners thereof, was drawn from the box, the
refusal of the clerk to exclude the names of such persons therefrom was a
mere irregularity which, in the absence of injury to the relators, might be
disregarded.

That any error in the details of the preparation of the box prior to the drawing
of the jury, not prejudicial to the relators, and not depriving them of any sub-
stantial right, would not deprive the commissioners of jurisdiction to lay out
the road, nor would such an irregularity lead to a reversal of the proceedings.

The hearing must be had upon the writ and return, and the court will not review
facts stated in the return where they are founded upon personal inspection
and individual knowledge of the locality, because such personal inspec-
tion and knowledge cannot be recorded and reproduced.

Certiorari to review the proceedings of the commissioners of
highways of the town of Manheim, in laying out a public road
across the lands of the relators in the said town.

*S. Earl* and *Wm. F. Lansing,* for the relators.

*C. J. Palmer,* for the respondent.

Boardman, J.:

The relators have brought this writ of *certiorari* to review pro-
ceedings to alter a highway. and lay out a public highway across

their lands. The first error relied upon relates to the manner of drawing the jury by the town clerk. The Revised Statutes as amended by chapter 696 of the Laws of 1881, section 1, provide that the clerk shall deposit in the box the names of the persons selected and returned as jurors, who are not interested in the lands through which such road is to pass or be located, nor of kin to the owner thereof, and draw therefrom the names of twelve persons and make certificate, etc. The clerk did not, in the first instance, select from the list of jurors the names of those who were interested in the lands to be taken or of kin to the owners thereof, but proceeded to draw from the entire list of jurors selected and returned for the town.

The counsel for the relators requested that the clerk first select and take from the box the names of the persons so interested or of kin to the relators before the drawing of the jury, which request was denied. An objection to the jury so drawn was again made, after it was drawn, and the objection was overruled. A motion to dismiss the proceedings at the close of the hearing upon the same ground, that is, that "the jury was irregularly drawn," was denied.

No person's name who was interested in the real estate to be taken or of kin to the relators was drawn from the box. No further or other objection was taken to the jury as finally certified or to the rejection of any of the jurors whose names were drawn. The return certifies that the jury as drawn was unexceptionable. The question is then presented whether the exclusion from the box of the names of jurors interested in the lands or related to the owners, before the drawing, is a jurisdictional requirement; or was the failure so to do a mere irregularity, which, in the absence of injury to the relators, may be disregarded.

The object of the law is plainly to secure a disinterested jury. The mode prescribed tends to accomplish such result. The clerk must always, in his exclusion, act informally and with more or less ignorance of such jurors as may be interested or related. If the exclusion of *all* such persons is jurisdictional, the failure as to one or more of them would be equally fatal. This would seem to be a dangerously technical rule without a sound or sensible basis. In *Buckley* v. *Drake* (41 Hun, 384), an applicant for the road is held to be a competent juror on the proceeding. Yet it was held that

the exclusion of the applicants from the box was not so far juris-
dictional as to justify an action to restrain the commissioners of
highways from entering upon the lands and opening the highway.
See, also, *People ex rel. Downey* v. *Dains* (38 Hun, 43). This
could not be true if the proceedings were void. The same question
was under discussion in this court in the case of the *People ex rel.
Edwards* v. *Potter* (36 Hun, 181), where it is held, that the appli-
cants for the road are not competent jurors, but that the failure of
the clerk to deposit their names in the box, although not to be
excluded under the terms of the law, was not error. It was further
held, that unless the relator was injured by the failure of the clerk
to comply with the terms of the law in preparing the box before
drawing the jurors, it would not invalidate the proceedings. The
remarks of Mr. Justice FOLLETT in the last case are applicable to
the one under consideration. We conclude that any error in the
details of preparation of the box prior to the drawing of the jury,
not prejudicial to the relators and not depriving them of any sub-
stantial right, would not destroy the jurisdiction to lay out the road,
nor would such an irregularity lead to a reversal of the proceedings.
(*People* v. *Petrea*, 92 N. Y., 128 ; Code, §§ 2140, 723.)

The relators further claim that the action of the commissioners
should be reversed, because the proposed road runs through the
barn-yard, etc., of the relators. The language of the return is an
answer to such claim. It says, " That none of said alteration and
highway passes through the buildings or barn-yard " of the relators,
" nor do they pass through any yard of the said Beardslee." Again,
the motion to dismiss the proceedings on that ground was denied, " for
the reason that the survey shows that the proposed alteration
passes over the top of the clay-bank and not through any barn-yard or
buildings." The hearing must be upon the writ and return (38 Hun,
43, *supra*) ; and the court will not review facts stated in the return
where they are founded upon personal inspection and individual
knowledge of the locality, because such personal inspection and
knowledge cannot be recorded and reproduced. No appellate court
can intelligently and fairly review a decision upon facts so ascer-
tained. (*People ex rel. Mayor, etc.*, v. *McCarthy*, 102 N. Y., 643.)
The commissioners and jurors personally inspected and went over
the proposed road, and it is certified, after such inspection, that it

did not pass through any barn-yard or buildings. We must accept such determination as true, while there is little in the evidence of Mr. Beardslee to overthrow it. The discontinuance of the old highway was an incident to the alteration and necessarily followed it. (*People ex rel. Bowen* v. *Jones*, 63 N. Y., 310.) There was no error, therefore, in making the discontinuance of the old road a part of the order.

The proceedings and order of the commissioner of highways must be affirmed, with fifty dollars costs and disbursements in his favor against the relators.

FOLLETT, J., concurred in the result ; HARDIN, P. J., not voting.

The proceedings and order of the commissioner of highways affirmed, with fifty dollars costs and disbursements in his favor against the relators.