[Civ. No. 15608.   First Dist., Div. One.   June 16, 1953.]

Estate of CLARENCE R. WEYMOUTH, Deceased. GRACYN WHEELER KELLEHER, as Trustee, etc., Appellant, v. RALPH W. WEYMOUTH, Respondent.

Julian P. Beek for Appellant.

Reginald G. Hearn and Philip Adams for Respondent.

BRAY, J.—In this appeal by the trustee from a probate court order instructing trustee, appellant claims that the order is defective in form, unintelligible and ambiguous, and that the court failed to instruct on numerous questions asked.

## RECORD

Clarence R. Weymouth died testate in 1949. His will bequeathed 18 per cent of his estate to appellant as trustee under an agreement dated August 23, 1948, between decedent and appellant as trustee, setting up a spendthrift trust for his brother Ralph, and providing that upon Ralph's death the trust estate then remaining should vest in a class comprised of the surviving brother and sisters of decedent or their issue (of which appellant is one), and if none of these be living, in the University of California. Provision was made for investing and reinvesting the trust funds. Among other provisions was: "(c) The trustee shall estimate as nearly as may be from past performance of investment-trusts purchased, during the business cycle, the probable average value of the trust shares, yearly income, etc. The trustee shall assume that the life of the beneficiary will be 90 years (born July 8, 1884), and distribute to the beneficiary, monthly, *if in need,* such sums as will exhaust the trust fund at the age of ninety years." (Emphasis added.) Prior to his death and on August 31, 1948, the trustor sent the trustee a letter to the effect that the trustee was to accept any statement from Ralph "as factual relative to his being 'in need'" without investigation. She was asked "if agreeable" to sign an acceptance attached, which she did.

July 7, 1949, after the death of the trustor, Ralph wrote the trustee stating that he was in need of the monthly payments provided in the trust. November 2, 1949, the executor of decedent's estate petitioned for ratable distribution and asked a number of questions concerning the will and trust agreement. On December 22, 1949, a decree instructing executor and for ratable distribution, distributing certain assets to appellant trustee and instructing the executor was filed. Stipulations answering the executor's questions and approving this decree as to form were signed by the respective attorneys for the executor, the beneficiary, the members of

the Weymouth family, and the trustee. The executor had suggested that the court appoint a guardian *ad litem* to represent remaindermen not yet ascertained or in being. Pursuant to the stipulation the court found such appointment to be unnecessary.

May 23, 1950, appellant petitioned for instructions concerning certain questions and asked whether a guardian *ad litem* should be appointed for the undetermined class remaindermen. Again the parties signed a stipulation approving the form of the decree instructing trustee* which the court rendered. It decided that the appointment of a guardian *ad litem* was unnecessary, that the beneficiary was in need and would continue in need, without investigation by the trustee, and should receive monthly payments unless and until otherwise ordered by the court.

July 13, 1950, a decree of final distribution was rendered distributing the balance of the 18 per cent of the estate to appellant trustee. December 17, 1951, appellant filed her second petition for instructions. This was followed by a petition by Ralph, the life tenant, for instructions to the trustee on additional questions. The court then appointed a guardian *ad litem* for the class remaindermen who were unascertained or unborn. Appellant filed a reply to this petition raising issues as to the questions asked by Ralph. The court filed a memorandum of opinion granting both petitions and instructing the trustee. April 16, 1952, a formal order instructing trustee was filed in practically the same form as the memorandum of opinion. This is the order from which the appeal is made.

### THE ORDER INSTRUCTING TRUSTEE

Apparently in a spirit of at all odds finding something wrong with the court's actions and the decree, appellant has made many specifications of error, some of them highly meticulous and none of them valid. She contends many of her and the life tenant's questions were unanswered and that the order is defective, ambiguous and unintelligible. She requests that this court reverse the order, although she suggests no better or other formula for the payments to the beneficiary than that worked out by the probate court, and send the matter back to the trial court with instructions how to answer the questions she contends were not answered.

---

*Hereinafter referred to as ''first decree.''

As to the order being defective, unintelligible or ambiguous, we do not find it so. Having in mind that the trustor desired the payments to the beneficiary to exhaust the trust fund on the assumption that the life tenant would live to be 90, we think the probate court worked out an excellent and reasonable formula for so doing. The order found that the beneficiary was 65 on February 12, 1949, and thus the trust fund should be exhausted on February 12, 1974. · It is unnecessary to set forth the court's formula here, other than to say that the value of the principal is to be computed on January 15 of each year. Appellant attacks the selection of this date as being an arbitrary date. She suggests no other date, and obviously whatever date is suggested would be an arbitrary one. The trustee seems to complain that the payments to the life tenant under the court's formula will gradually become smaller than those now being paid. Such fact is no concern of the trustee, as neither the life tenant nor the remaindermen (including appellant as a remainderman) are complaining.

Appellant had asked the court whether, because no guardian *ad litem* had represented them at that hearing, the first decree was binding on all of the unborn and unascertained remaindermen. The question was not specifically answered. But the question is moot for the reason that in the order appealed from the court provided that the first decree ''is hereby confirmed, ratified and continued as to all parties represented at this hearing, save and except as modified in this order.'' As these parties were represented at the hearing on which this order is based, and by this order the decree is merged into it, they will, of course, now be bound. Appellant criticizes this merging of the decree and order. We can see nothing wrong in the adoption by reference of the prior decree. If any uncertainty develops as to whether any particular provision of the prior decree is modified in the order, it would be a simple matter for the trustee or any of the parties to petition the probate court for clarification. As a matter of practice, all of the questions which the trustee . raises on this appeal could have been more expeditiously and inexpensively determined by a further petition for instructions in the probate court.

Curiously enough, after requesting the probate court to instruct her as to the proper method of interpreting the will, and after the court has done so, she now asks if she is to follow that interpretation or to make her own interpreta-

tion of the terms of the will. Obviously she, as well as all the parties, are bound by the order. The first decree provided for certain payments to be made the life tenant for the time prior to the making of that decree. As the second order in nowise referred to that period the trustee's question as to whether she should follow the decree is answered. In view of the fact that the payments to be made the beneficiary are based upon estimates of income made annually in advance, and these estimates might in a given year exceed the actual income, there will have to be adjustments accordingly. These cannot be spelled out in advance but can be adjusted or re-adjusted in the annual account of the trustee. The same is true of many of the contentions made, for example, the fact that in providing that the amount of trustee's and attorney's fees heretofore paid out of income should be charged to principal, and the life tenant reimbursed for the amount of those fees, such reimbursement might give the tenant more than his monthly installments entitled him to. We see no necessity for discussing these contentions specifically.

The order requires the trustee to prepare immediately an account which shall reflect the payments and adjustments ordered, and with that account questions concerning the propriety of investments and payments, if any have been unanswered or arise, may best be presented because the formula will then have been given a trial test.

■ The court did not answer the question whether the trustee could make ''emergency'' payments to the life tenant, that is, payments additional to the monthly ones. We see no necessity for reversing the order for that failure, particularly as the life tenant who asked the question is not complaining. No request for an emergency payment has been made. If one is made, the trustee can petition the court for instructions and the court will be in a much better position to determine a concrete rather than an abstract question.

■ The life tenant requested the court to determine if the letter of August 31, 1948, became a part of the testamentary trust. This question was not answered. However, in the stipulation of the parties at the time of the entry of the order and decree of ratable distribution and instruction, the parties agreed that the trust agreement at no time had been modified or altered. In the stipulated form of first decree it is stated that ''Upon consideration of all of the evidence, including particularly the said affidavit of Ralph W. Weymouth on file herein, the Court finds and instructs the trustee that

Ralph W. Weymouth was in need on February 12, 1949, has been in need continuously thereafter and is to be deemed to continue to be in need unless and until otherwise ordered by the Court.'' In the second order by providing a formula for monthly payments for the balance of his life, the court, in effect, has continued the determination that the life tenant's need exists and will continue to exist. (If at any time it does not continue to do so, the order can, of course, be changed.) Only the clerk's transcript is before us on this appeal. We must assume, if additional evidence were necessary to support such determination, that the court had such evidence before it. The law is clear that the letter cannot be considered. (See *Wells Fargo Bank etc. Co.* v. *Superior Court,* 32 Cal.2d 1 [193 P.2d 721] ; *Simon* v. *Grayson,* 15 Cal. 2d 531 [102 P.2d 1081].) The failure to determine the effect of the letter is moot, as the court made an actual determination of fact that the life tenant is in need.

The record shows the appointment of the guardian *ad litem* and his participation in the proceedings. Therefore the failure to recite such appointment in the order is of no importance nor is it necessary in an order to make an express finding that it is binding on the parties who were represented at the hearing.

The fact that the date fixed by the court for the filing of the account was prior to the expiration of the time for appeal from the order would not justify a reversal of the order. The appeal stays the time for a reasonable period after the determination of the appeal.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.