[Civ. No. 10865. First Appellate District, Division Two.—August 25, 1938.]

In the Matter of the Estate of FREDERICK H. CASE, Deceased. HARRY BARLING, Executor, etc., et al., Respondents, v. LOTTIE KELLER, Appellant.

Foltz & Rendon for Appellant.

Henry & Bedeau and J. W. Lenahan for Respondents.

SPENCE, J.—This is an appeal by Lottie Keller, formerly Lottie Bradley, from a decree of the probate court construing the will of the decedent.

Said decedent left an holographic will which contained numerous provisions. Among said provisions was the following:

"To my sister Mrs. Lottie Bradley sometimes called Mrs. J. R. Bradley I have deeded my property at the South West corner of Hopkins St and Dimond Ave in the City of Oakland Cal. Now leased to the Standard Oil Co The deed must be placed on record at the Hall of Records in the City of Oakland Alameda Co Cal."

The deed referred to was dated December 3, 1926, and was duly acknowledged before a notary public on that date. It was stipulated, however, that it was never delivered. The will was dated May 4, 1929, at the commencement thereof and was dated May 30, 1929, at the end thereof. The will and deed, together with other deeds, were found among the effects of the decedent.

The sole question presented on this appeal is whether under the foregoing facts the said real property was validly devised to appellant. The probate court concluded that the language found in the will constituted a mere recital of what had been done and that there was no valid devise of said real property. It therefore entered its decree accordingly.

We find no error in the trial court's ruling. The facts presented are analogous to those in *Estate of Young*, 123 Cal. 337 [55 Pac. 1011], and the decision in that case appears to be controlling here. The court there said on pages 342 and 343, "There was no delivery of these deeds during the testatrix's lifetime. What validity they possess, then, comes from the will, and, therefore, if by act of the testatrix title to these lands passed, we must find in the will both an intent to devise them and operative words to effect 'the intent." The court there held that directions in the will for delivery of the deeds were insufficient to show an intent to devise. On page 344 it said, "Here, to repeat, there is no doubt as to the language and its meaning. The testatrix merely mistook the legal effect which would follow a compliance with her directions. While no form of expression is required to create a devise, and while considering that wills are fre-

quently made by ignorant people in a great extremity of sickness, and under an impending fear of immediate death, and while therefore, much liberality is and should be shown in construing the terms of such instruments, in every case some words must be employed from which under the rules of law an express intent to devise particular real estate must be found in the will itself; otherwise the court is not carrying out the last will of the deceased, but is making testamentary disposition of his property for him; not such disposition as the testator made, but such disposition as the court thinks he would have made. This can never be permitted.''

The cases cited in 110 A. L. R. 264 et seq., sustain the rule as expressed in *Estate of Young, supra,* the editor there saying that with certain exceptions, which are in most instances reconcilable, ''the decisions on the question of the effect of a recital in a will of a conveyance of land which was not made, or which proved to be ineffectual, seem uniformly to hold that such recital will not operate as a devise, but that the rights of persons interested must be determined by resort to the instrument referred to''. (See, also, Page on Wills, 2d ed., sec. 819, at p. 1396.)

Appellant cites and relies upon *Estate of Skerrett,* 67 Cal. 585 [8 Pac. 181]. We believe that case is distinguishable upon its facts, but if that decision may be said to be in conflict with *Estate of Young, supra,* we nevertheless feel bound to follow the later pronouncement of our Supreme Court upon the subject.

The decree is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 24, 1938.